# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff(s),<br>　vs.<br>ISIDRO PLACIDO RAYMUNDO,<br><br>　　　　　　　　　　　Defendant(s). | CASE NO. 10cr3499-LAB-1 and 12cv130-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Isidro Placido Raymundo unconditionally pled guilty to one count of attempted entry after deportation, in violation of 8 U.S.C. § 1326. Although there was no written plea agreement, he voluntarily and in open court waived all appeal or collateral attack on his sentence in open, in an effort to obtain concessions from the government. (Sentencing Tr. (Docket no. 36 in 10cr3499) at 2:9–5:25.) It is clear Placido was agreeing to a broad waiver of all rights to appeal or collaterally attack his sentence. (*See id.* at 4:8–12, 5:4–11.) In exchange for this waiver, the government dropped its original recommendation substantially. (*Id.* at 5:18–21.) His attorney also relied on this waiver in requesting a lower sentence. (*Id.* at 7:7–9.) The Court accepted the agreement, and relied on it in sentencing him, noting that it was a very favorable deal for him. (*Id.* at 13:17–19.) His counsel conceded at the hearing that both appeal and collateral attack had been waived. (*Id.* at 13:20.)

Placido then collaterally attacked his sentence by filing a motion pursuant to 28 U.S.C. § 2255. He raises the sole issue that his counsel was ineffective for failing to advise him that

he could have obtained the benefit of acceptance of responsibility for pleading guilty immediately, and that if he had done so, he would have received -3 for acceptance of responsibility.

The Court finds that this issue has been waived. Any ineffective assistance of counsel occurred earlier, and would only resulted in Placido's missing his opportunity to plead guilty without a plea agreement earlier in the process. But by the time of the sentencing hearing, that claimed problem was already past, and did not affect his ability to accept or reject the offer at issue here. The offer was explained to him in open court, where he had the benefit of an interpreter, and he confirmed his agreement. (Sentencing Tr. at 5:18–25.) *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ."); *United States v. Lopez–Armenta*, 400 F.3d 1173, 1175 (9th Cir .2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.").

But even assuming the issue were not waived, it is meritless. The sole claim Placido's motion raises says he failed to receive -3 for acceptance of responsibility due to his counsel's ineffective assistance. But the fact is, he did receive -3. (Sentencing Tr. 4:5–7 (government's recommendation that Placido be given -3 for acceptance of responsibilty), 12:11–12 (Court's guideline calculations, subtracting three points for acceptance of responsibility). Moreover, the resulting guideline range was 57 to 71 months (*Id.* at 12:9–13), yet the Court imposed a below-guidelines sentence of 48 months. (*Id.* at 13:5–7.) Placido received the full benefit of acceptance of responsibility, and even if he hadn't, it would have made no difference, because his sentence was lower than the guidelines range calculated with the benefit of -3 for acceptance of responsibility. In other words, even assuming his counsel was ineffective, it made no difference here.

Finally, Placido's counsel was clearly not ineffective for the reasons Placido advances, because he obtained the same concessions for Placido that Placido thinks he should have received.

In short, the claims Placido raises in his § 2255 motion were waived, and in any event are moot. The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 25, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge